RECEIVED
NOV 13 2007
11-13-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GBOLAHAN R. A. EYIOWUAWI  
    Plaintiff

Vs

MICHAEL McLEAN,  
BOARD OF REVIEW OF ILLINOIS DEPT. OF EMPLOYEMENT SECURITY,  
COOK COUNTY HOSPITAL  
    Defendant

07CV6427  
JUDGE KOCORAS  
MAG.JUDGE VALDEZ

## COMPLAINT

NOW COMES THE plaintiff Gbolahan R. A. Eyiowuawi a Non-Attorney and complaining of the defendant Department of Employment Security, the plaintiff says as follows:

1. The plaintiff Gbolahan R. A. Eyiowuawi started working at Cook County Hospital or John H. Stroger's Hospital of Cook County, since Aril 1998, the employer terminated plaintiff in June 2005. The reason for the termination was an alleged of Sexual Harassment by plaintiff's Employer.

2. On 7-06-05, plaintiff applied for **employment security benefit** when my employer John H. Stroger's Hospital of Cook County terminated plaintiff in retaliation for filling a suit against the hospital and it managements.

1

3. My employment security was approved at the initial stage, after receiving two or three-pay check, I received a notice of denial for employment security because the employer appeal the benefit.

4. I received a **NOTICE OF TELEPHONE HEARING** from the employment security office for a telephone hearing that was schedule for 8-29-2005 at 10:00 a. m., **hearing referee Michael Mclean**, as most people thinks that the hearing conducted by phone is to determine eligibility for Employment Insurance Compensation. My employer Cook County Hospital and having understanding of this magnitude of my case, which is bigger than phone conversation or telephone hearing, had accused me of "Sexual Harassment". **Sexual Harassment** is been considered as a crime and which never happened which is damaging to my name and my father's name; I refused to take this lightly.

5. Since this case was not a case about an employee who was terminated for tardiness or no call no show, this case should have involved the Department Of Labor, which never takes place, the employer violated my constitutional right in many ways.

6. The reason why my employer terminated my employment was because I filed a discrimination lawsuit against the employer and the bosses, those who accused me of sexual harassment, this is plain retaliation.

7. I received referee decision that, that I cannot receive employment compensation.

8. I appeal the decision through the Board of Review that I do not agreed with his decision, but unfortunately for me, the board sided with the referee.

9. I then requested for a full court hearing thru the State Court, I was denied that opportunity.

10. It is unfair when a case of this nature cannot be treated fairly; I felt that this case must be Judicated under the law in our courtroom judiciary system.

11. Base on the testimony and decision of the referee Michael McLean as concluded in his findings as follows:

   A. "On 02-14- 2005 the employer received a complaint from a female co-worker of the claimants, which alleged he had sexually harassed her".

   B. "Upon further examination, the employer found merit in this complaint and issued a five day suspension".

   C. On 06-07-2005, the employer received a second similar complaint from a different female co-worker's of the claimant which alleged that the claimant, without any enticement or provocation on the co-worker's part, grabbed the coworker's wrists, blocked her from leaving his presence, and proclaimed his love for her.

   D. The employer's subsequently investigation determined these allegations to be true and the claimant was discharged on 6-29-2005 for violating the employer's stated **prohibitions concerning sexual harassment.**

12. **THE PLAINTIFF RESPONDED TO THE ALLEGATION AS A TOTAL RETALIATION:**

   The claimant denied the allegations presented at the employer hearing and at Illinois Department of Employment Security telephone hearing.

The reason behind the allegations was because the names of those supervisors had been in the lawsuit, Mr. Chevalier and Ms. Jones who had worked had to fire the claimant prior to 06-07-2005. The claimant denied grabbing his co-worker's wrists, denied blocking her from leaving his presence and proclaimed his love for her.

I do hereby again denied the alleged grabbing of wrists; there was no physical contact with the co-worker as alleged. That was the co-worker's statement in retaliation of what had happen prior to 06-07-2005, there been no blocking of entrance, all these were formulated by the co-worker and the supervisor Ms. Martha Jones. **That will be proving during trial.**

13. The employer investigation is prejudicial, because claimant was not interrogated or asked about what had happened, that is against criminal procedure that **means** the employer investigation is to see how the investigation could favor their intent, and to retaliate on a previous pending Federal Law Suit.

    The decision of referee is erroneously conclusive, reviewing the hearing of 08-29-2005, transcript.

14. The Illinois of Employment Security and Cook County Hospital need to prove their case beyond reasonable doubt, not until found guilty in the court of law the claimant is innocent to the charge under the rule of criminal law.

15. Therefore, the plaintiff was handicapped by not able to financially support himself and his family, for lack of financial stability until he could become employed again.

16. Denial of employment benefit by the Illinois Department of Employment Security was that they claimed that the plaintiff was charged with sexual harassment and was guilty of the charges, that is the stand of IDES.

17. Can IDES side with employer on a baseless allege accusation but hasn't being proving guilty in the court of law?

18. Another question need to be address at the trial is by asking the IDES that "IS BENEFIT OF EMPLOYMENT SECURITY BENEFIT IS THE "RIGHT OF THE CLAIMANT OR IS A PREVELEDGE TO COLLECT UNEMPLOYMENT SECURITY BENEFIT"?

19. **The plaintiff argument regarding the referee decision and the board of review is as follows:**

## ARGUMENT

**Question 1.** Did the hearing officer err in granting his decision to employer base on a pending Federal Law Suit and on going investigation with the Department of Human right?

**Answer:** Yes, the hearing officer Michael McLean erred in his decision, because the main purpose of termination was base on Sexual Harassment, but here was no evidence of what so ever that indicated sexual harassment had taken place between the claimant and his co-worker Mrs. Bright. There was never a time the claimant says anything sexual to Mrs. Bright on that level either at work or any other place. During the Hospital hearing, Mrs. Bright denied that the plaintiff ever say anything out of way to her. Witness to that event is Mr. M. Sighn the union

steward and the union representative Ms. O'neil, when Mr. Sighn asked the accuser if plaintiff ever shows any interest in her, Mrs. Bright says NO.

Then Mrs. Bright credibility is in question, because she should remember what had been said to her that is out of way to her, and then she should have taken corrective action immediately, and reported what was said to her to the supervisor if it is true, prior to incident of 06-07-2005.

The Black Law Dictionary seventh edition defines Sexual Harassment as follows: "Sexual Harassment- A type of employment discrimination consisting in verbal or physical abusive of a sexual nature" "Hostile-environment sexual harassment. Sexual harassment in which a work environment is created where an employee is subject to unwelcome verbal or physical sexual behavior that is either severe or pervasive".

Plaintiff hereby bring his case to the Federal Court base on his constitutional Right for a fair trial against the Illinois State Department of Employment Security because plaintiff had suffered tremendously by becoming They prove their case beyond reasonable Doubt, until found, handicapped by not able to financially supporting himself and his family, for lack of financial stability until he could become employed again.

Denial of employment benefit by the Illinois State of Employment was that they claimed the plaintiff was charge on sexual harassment.

Can Illinois Department of Employment Security side with employer based only on allege accusation but have not being proving guilty in the court of law?

**JURY DEMAND**

**PLAINTIFF DEMANDS TRIAL BY JURY**

WHEREFORE, Plaintiff Gbolahan R. A. Eyiowuawi respectfully requests that this Court Grant this case for Jury Trial by entering judgment in favor of plaintiff. Plaintiff seeking award or damages in the sum of One Hundred Thousand Dollars ($100,000.00) against Defendants together with such further relief, as this court deems appropriate.

Respectfully Submitted,

Gbolahan R. A. Eyiowuawi
Non-Attorney/Plaintiff


**Gbolahan R. A. Eyiowuawi**
Non-Attorney
5110 North Kenmore Ave.
Apt. 3 South
Chicago, Illinois 60640
773-531-1666, 773-728-4622
E-Mail  Kubytiti@msn.com

**Michael McLean**
Board of Review of
Illinois Department of Employment Security
33 South State Street, Suite 992
Chicago, Illinois 60603

**Cook County Hospital**
C/O MCHC/UCAP
222 South Riverside Plaza,
Chicago, Illinois 60606